UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| IN RE:<br><br>Virginia E. Crank,<br><br>    Debtor. | Case No. 11-80517 |
| Virginia E. Crank,<br><br>    Plaintiff,<br><br>v.<br><br>Beneficial Mortgage Co. of North Carolina,<br><br>    Defendant. | Adversary No. 11-9102 |

OPINION AND ORDER

This case came before the court on February 9, 2012, for a hearing on the Debtor's motions for an entry of default and default judgment against Beneficial Mortgage Co. of North Carolina ("Beneficial of N.C."). Edward Boltz appeared on behalf of the Debtor, Virginia E. Crank. For the reasons that follow, the court has concluded that the motions should be denied.

FACTS

On March 28, 2011, the Debtor filed a petition in this court seeking relief under chapter 13 of the Bankruptcy Code. On November 22, 2011, the Debtor initiated this adversary proceeding against Beneficial of N. C. by filing a verified complaint seeking to value the Debtor's real property and classify the claim of Beneficial of N.C. as unsecured. A summons was issued on November 25, 2011. On December 5, 2011, the Debtor attempted to serve the summons and a copy of the complaint on Beneficial of N.C. by first class mail and certified mail addressed to Post Office Box

10640, Virginia Beach, VA 23450. On January 25, 2012, the Debtor moved for an entry of default and default judgment against Beneficial of N.C.

## ANALYSIS

Beneficial of N.C. no longer exists as a legal entity and thus is not a proper party in this adversary proceeding. On September 30, 2009, Beneficial of N.C., a Delaware corporation, merged into Beneficial Mortgage Co. of Virginia ("Beneficial of Va."), a Delaware corporation. The merger was effective October 1, 2009.[1] Since Beneficial of N.C. was merged into Beneficial of Virginia, Beneficial of N.C. did not survive the merger. Beneficial of Va., as its successor, succeeded to all its rights and liabilities by operation of law. 8 Del. C. § 259(a). Thus, the Debtor should have initiated her adversary proceeding against Beneficial of Va., the successor to Beneficial of N.C. and the proper party defendant in this proceeding.

Aside from naming the wrong party as the defendant in this proceeding, the Debtor also utilized an improper means for service of process. When a corporation withdraws from North Carolina by reason of merger, the successor must file an application for a certificate of withdrawal. The successor is required to consent to service of process for any cause of action arising in North Carolina by having the process served on the North Carolina Secretary of State. N.C. Gen. Stat. § 55-15-21(a)(2). Under the statute, once the withdrawal is effective, service of process upon the successor is made by delivering copies of the process and the required fee to the North Carolina

---

[1] A certification of the merger along with an application for certificate of withdrawal can be found in the records of the North Carolina Secretary of State. Courts may properly take judicial notice of matters in the public record including the records of a state's Secretary of State. Phillips v. Pitt Cnty. Memorial Hosp., 572 F.3d 176, 178 n.2, 180 (4th Cir. 2009) (taking judicial notice of articles of incorporation available at North Carolina Secretary of State's website); see also Siegel v. LePore, 234 F.3d 1163, 1196 n.5 (11th Cir. 2000).

Secretary of State who is directed by statute to mail a copy of the process to the successor. N.C. Gen. Stat. § 55-15-21(c).

Beneficial of Va. filed its application for a certificate of withdrawal on June 3, 2010, and its withdrawal became effective on June 29, 2010. The Debtor's attempted service of process by mailing the process to a purported business address for Beneficial of N.C. rather than sending it to the Secretary of State did not comply with applicable North Carolina law.

It is, therefore, ORDERED that the motions for entry of default and default judgment against Beneficial of N.C. shall be and hereby are overruled and denied.

This 22nd day of February, 2012.

_William L. Stocks_
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST

Richard M. Hutson, II
Chapter 13 Trustee
Post Office Box 3613
Durham, N C 27702

U.S. Bankruptcy Administrator
Post Office Box 1828
Greensboro, N.C. 27401

VIRGINIA E. CRANK
705 Buren Road
Bahama, NC 27503-

Law Offices of John T. Orcutt, P.C.
Attorney for Plaintiff
6616-203 Six Forks Rd.
Raleigh, N.C. 27615

BENEFICIAL MORTGAGE CO. OF NC
**Attn: Managing Agent**
Post Office Box 3425
Buffalo, NY 14240